**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorney for Defendant*
*Walmart, Inc. dba Walmart*
*Supercenter Store #2593*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LORI PEREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC. d/b/a WALMART SUPERCENTER STORE #2593, a foreign corporation; DOE Individuals 1-10; DOE Employees 11-20; and ROE Corporations 21-30,<br><br>Defendants. | Case No.: 2:22-cv-01505-JCM-NJK<br><br>**AMENDED JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**[SPECIAL SCHEDULING REVIEW REQUESTED]** |

COMES NOW Defendant, WALMART INC., by and through its counsel, KURT R. BONDS, ESQ. and MADISON M. AGUIRRE, ESQ., of the law firm ALVERSON TAYLOR & SANDERS and Plaintiff, LORI PEREZ, by and through her counsel, KRISTIN H. COGBURN, ESQ., of the law firm COGBURN LAW, and hereby submit this Amended Joint Proposed Discovery Plan and Scheduling Order.

///

///

///

**Special Scheduling Review Requested**

The parties request special scheduling review in this matter. Please allow this section to serve as the parties' statement of reasons why longer or different time periods should apply to this case pursuant to LR 26-1. The presumptively reasonable deadlines under LR 26-1(b) should not apply, and the parties should not be bound by the default deadlines, because Plaintiff's counsel is in the midst of dissolving her law practice of approximately twenty (20) years, as a result of a contentious marital divorce with her business partner, which is the subject of two present cases in both family and business courts. As a result, Plaintiff's law firm is currently dissolving, which has brought about delay due to the law firm's determination of splitting case files, technology, office location, and other required basic necessities. In addition, due to the contentious nature of such divorce, Plaintiff's counsel has undergone challenges, as Plaintiff's counsel has faced malicious blockages to utilizing litigation staff, the ability to access case files, and other technological and staffing necessities. The parties have faced a delay in conducting discovery, which was unpredictable and outside of their control, but will move such discovery along diligently with an accommodation and extension of deadlines. As such, the parties request special scheduling review, as the established deadlines cannot be met in this particular circumstance. For these reasons, the parties respectfully request a discovery cut-off date of May 4, 2023.

**Fed.R.Civ.P. 26(f) Conference**

On November 4, 2022, the Court denied Plaintiff's Motion to Remand to State Court. The parties participated in the FRCP 26(f) conference on December 8, 2022 and there were no discovery disputes that that time. Plaintiff served her initial disclosure statement on December 13, 2022. Defendant served its initial disclosure statement on November 3, 2022. Based upon counsels' review of the evidence in this case, the parties now propose the following discovery plan:

1. **<u>Discovery Cut-Off Date</u>**: Defendant filed its Notice of Removal on September 12, 2022. Prior to filing the Notice of Removal, the parties had not begun discovery. Plaintiff filed a Motion to Remand to State Court on October 12, 2022. The Court denied Plaintiff's Motion to Remand to State Court on November 4, 2022. Ordinarily, and pursuant to LR 26-1(b), the discovery cut-off date would be based upon the date Defendant filed its Answer, August 18, 2022; however, as mentioned above, the parties are requesting a special scheduling review and a discovery cut-off date of May 4, 2023, which is 180 days from the Court's Order denying Plaintiff's Motion to Remand. To reiterate, the parties request special scheduling review because Plaintiff's counsel is in the midst of dissolving her law practice of approximately twenty (20) years, as a result of a contentious marital divorce with her business partner. As a result, Plaintiff's law firm is currently dissolving, which has brought about delay due to the law firm's determination of splitting case files, technology, office location, and other required basic necessities. In addition, due to the contentious nature of such divorce, Plaintiff's counsel has undergone challenges, as Plaintiff's counsel has faced malicious blockages to utilizing litigation staff, the ability to access case files, and other technological and staffing necessities. The parties have faced a delay in conducting discovery, which was unpredictable and outside of their control, but will move such discovery along diligently with an accommodation and extension of deadlines. As such, the parties request special scheduling review, as the established deadlines cannot be met in this particular circumstance. For these reasons, the parties respectfully request a discovery cut-off date of May 4, 2023.

2. **<u>Amending the Pleadings and Adding Parties:</u>** The parties request that all motions to amend the pleadings or to add parties be filed no later than February 3, 2023.

3. **Fed.R.Civ.P. 26(a)(2) Disclosures (Experts):** The parties request the disclosure of experts be made on or before March 3, 2023. Disclosure of rebuttal experts shall be made by April 3, 2023.

4. **Dispositive Motions:** The date for filing dispositive motions shall be no later than June 5, 2023.  In the event that the discovery period is extended from the discovery cut-off date set forth in this Amended Joint Proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended to be no later than 30 days from the subsequent discovery cut-off date.

5. **Pretrial Order:** The date for filing the joint pretrial order shall not be later than July 5, 2023.  In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

6. **Fed.R.Civ.P. 26(a)(3) Disclosures:** The disclosures required by Fed.R.Civ.P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

7. **Alternative Dispute Resolution:** Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration and/or an early neutral evaluation. The parties agree that an early neutral evaluation would not be effective at this time as the parties and their counsel believe that it is necessary to conduct discovery before attempting to resolve this case. Counsel further agree that a settlement conference will be beneficial after discovery is concluded. Finally, the parties and their counsel are not interested in submitting this case to arbitration.

8. **Alternative Forms of Case Disposition:** The parties certify that they discussed consenting to a trial by a magistrate judge or engaging in the Short Trial Program under Fed.R.Civ.P. 73 and at present do not consent to either alternative form of case disposition.

9. **Electronic Evidence:** The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding use of electronic evidence but will address this issue again in the Pre-Trial Order.

10. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made no later than 21 days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

Respectfully submitted this 27th day of December, 2022.

| COGBURN LAW | ALVERSON TAYLOR & SANDERS |
|---|---|
| */s/ Kristin H. Cogburn* | */s/ Kurt R. Bonds* |
| Kristin H. Cogburn, Esq. | Kurt R. Bonds, Esq. |
| Nevada Bar #7368 | Nevada Bar #6228 |
| COGBURN LAW | Madison M. Aguirre, Esq. |
| 2580 St. Rose Pkwy., Suite 330 | Nevada Bar #16183 |
| Henderson, NV 89074 | 6605 Grand Montecito Parkway, Suite 200 |
| *Attorneys for Plaintiff* | Las Vegas, Nevada 89149 |
| | *Attorneys for Defendant* |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: December 28, 2022

KRB-27950